17-CV-3827 (SJ)(SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICARDO BENITEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, RAUL LOPEZ, FRANK
LIBRETTO, SERGEANT STAMM, AND TINA
GRILLO,

Defendants.

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION SEEKING TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV. PRO. 12(b)(6)

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Michael K. Gertzer*
*Tel: (212) 356-2654*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

      POINT I

          THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE DOCUMENTS ATTACHED TO DEFENDANTS' MOTION PAPERS BECAUSE THEY ARE INTEGRAL TO PLAINTIFF'S COMPLAINT ................................................................. 1

      POINT II

          PLAINTIFF'S denial of a fair trial claim FAILS BECAUSE EVEN IF HIS ALLEGATIONS ARE TRUE, HE CANNOT SHOW THAT HE WAS INJURED BY THE ARRAY, LINEUP OR tips DD5 ............................. 3

      POINT III

          PLAINTIFF'S CANNOT MAINTAIN A MALICIOUS PROSECUTION CLAIM .................................................. 6

      POINT IV

          PLAINTIFF'S *MONELL* CLAIM SHOULD BE DISMISSED ......................................................................................... 6

          A.   Plaintiff May Not Maintain His *Monell* Claim Against The City ............................................................................ 6

          B.   Plaintiff Has Not Sufficiently Plead a Constitutional Violation ...................................................................... 8

          C.   Plaintiff Still Has Not Plead Sufficient Facts to Support His *Monell* Claim ................................................... 8

          D.   Plaintiff Did Not Object to Bifurcating *Monell* ............................. 10

**Page**

POINT V

      DEFENDANT STAMM SHOULD BE
      DISMISSED FROM THIS ACTION ........................................................10

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

<u>**Cases**</u> <u>**Pages**</u>

*Amnesty America v. Town of West Hartford,*
  361 F.3d 113 (2d Cir. 2004) ...................................................................................9

*Baez v. Hennessy,*
  853 F.2d 73 (2d Cir. 1988) ....................................................................................7

*Bellamy v. City of New York,*
  12 Civ. 1025 (AMD)(PK),
  2017 U.S.Dist. LEXIS 75306 (E.D.N.Y. May 17, 2017) ....................................6, 8

*Blair v. City of New York,*
  03 CV 1485, 2009 U.S. Dist. LEXIS 29300 (E.D.N.Y. Mar. 31, 2009) ...................3

*Brass v. American Film Technologies,*
  987 F.2d 142 (2d Cir. 1993) ..................................................................................2

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002) ................................................................................2, 3

*Harris v. City of Newburgh,*
  16-CV-2731 (KMK),
  2017 U.S. Dist. LEXIS 159561 (S.D.N.Y. Sept. 27, 2017)....................................9

*Harris v. Howard,*
  08 Civ. 4837 (CM), 2009 U.S. Dist. LEXIS 105860 (S.D.N.Y. Oct. 30, 2009) ......2

*Hicks v. City of New York,*
  232 F. Supp. 3d 480 (S.D.N.Y. 2017) ...................................................................5

*Hutson v. New York City Police Department,*
  15-CV-8797 (VEC), 2017 U.S. Dist. LEXIS 25837 (S.D.N.Y. Feb. 23, 2017).......2

*Jean-Laurent v. Wilkerson,*
  09-1929-pr, 2012 U.S. App. LEXIS 2631 (2d Cir. 2012) ......................................9

*Jones v. City of New York,*
  12-CV-3658, 2013 U.S. Dist. LEXIS 162235 (E.D.N.Y. Nov. 14, 2013) ........6, 8, 9

*Mandell v. County of Suffolk,*
  316 F.3d 368 (2d Cir. 2003) ..................................................................................9

*Monell v. Dep't of Soc. Servs.,*
  436 U.S. 658 (1978)................................................................................................9

**Cases**                                                                                          **Pages**

*Newton v. City of New York,*
    640 F. Supp. 2d 426 (S.D.N.Y. Jul. 31, 2009)..............................................................5

*Obilo v. City Univ. of N.Y.,*
    CV-01-5118 (DGT), 2003 U.S. Dist. LEXIS 2886 (E.D.N.Y. Feb. 28, 2003) .......................2

*People v. Benitez,*
    120 A.D. 3 705 (2nd. Dept. 2014) ...........................................................................5

*Poventud v. City of New York,*
    750 F.3d 121 (2d Cir. 2014) .................................................................................8

*Thompson v. Connick,*
    578 F.3d 293 (5th Cir. 2009) ...............................................................................7

*Valcarcel v. City of New York,*
    13 CV 1740 (KAM)(CLP),
    2014 U.S. Dist. LEXIS 122864 (E.D.N.Y. Jul. 29, 2014).............................................2

*Van de Kamp v. Goldstein,*
    555 U.S. 335, 129 S. Ct. 855 (2009).................................................................6, 7

*Vasquez v. City of New York,*
    14 Civ. 491 (RMB), 2014 U.S. Dist. LEXIS 157259 (S.D.N.Y. Nov. 6, 2014) ....................5

*Walker v. City of New York,*
    974 F.2d 293 (2d Cir. 1992) ................................................................................6

*Walker v. City of New York,*
    974 F2d 293 (2d Cir. 1992) ............................................................................1, 7

*Wray v. City of New York,*
    490 F.3d 189 (2d Cir. 2007) ...............................................................................6

**Statutes**

§1983 ..............................................................................................................8

Fed. R. Civ.P. 12(b)(6) .....................................................................................1, 2

Fed. R. Civ. P. 12(d) ......................................................................................3, 10

## PRELIMINARY STATEMENT

Defendants submit this reply memorandum of law in further support of their motion to dismiss plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff's opposition papers would have the Court ignore the fact that Bernadette Johnson, the only witness who observed the entire incident, saw the plaintiff/perpetrator again a week later—*the day before the purportedly misleading photo array and lineup were shown to her*—and then subsequently identified four times plaintiff in open court. She has never recanted her testimony. Thus even if, *arguendo*, there were irregularities with the array and the lineup, plaintiff will not be able to show that he was injured as a result. Finally, plaintiff's reliance upon *Walker v. City of New York*, 974 F2d 293 (2d Cir. 1992), is misplaced in light of more recent case law in this District that holds the City cannot be liable for the District Attorney's Office's training of its assistants. Thus, plaintiff's *Monell* claim cannot survive.

## ARGUMENT

### POINT I

#### THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE DOCUMENTS ATTACHED TO DEFENDANTS' MOTION PAPERS BECAUSE THEY ARE INTEGRAL TO PLAINTIFF'S COMPLAINT

In support of their motion, defendants attached various exhibits, including the photo array, the lineup report, the indictment and excerpts from the transcripts of hearings and trials of plaintiff's criminal case. Defendants respectfully request that the Court take judicial notice of these documents because (1) they are public records; (2) they have been in plaintiff's possession since before the inception of this action; and (3) because these documents are repeatedly referenced and discussed in plaintiff's Amended Complaint, they are in fact integral to plaintiff's pleading.

Instead of annexing exhibits disproving defendants' contentions, plaintiff argues that the Court should ignore defendants' exhibits because they are outside the scope of the Amended Complaint.  It is clear that the reason plaintiff does not want the Court to consider these documents is because they are so damning to plaintiff's case.

In determining a motion under Rule 12(b)(6), beyond the factual allegations in the complaint, a court's consideration is limited to "documents attached to the complaint as an exhibit or incorporated into it by reference, to matters of which judicial notice may be taken, to documents either in the plaintiff's possession or of which plaintiff had knowledge and relied upon in bringing suit." *Brass v. American Film Technologies*, 987 F.2d 142, 150 (2d Cir. 1993). "[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion, mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  Utilizing this standard, courts in this Circuit have repeatedly considered prior sworn testimony and police records when deciding Rule 12 motions. *Valcarcel v. City of New York*, 13 CV 1740 (KAM)(CLP), 2014 U.S. Dist. LEXIS 122864 (E.D.N.Y. Jul. 29, 2014)(court converted motion to dismiss to one for summary judgment to take judicial notice of 50-h testimony, arrest report and complaint report); *Obilo v. City Univ. of N.Y.*, CV-01-5118 (DGT), 2003 U.S. Dist. LEXIS 2886, at *13-14 (E.D.N.Y. Feb. 28, 2003)(incident report, police report and DD5); *see also Hutson v. New York City Police Department*, 15-CV-8797 (VEC), 2017 U.S. Dist. LEXIS 25837, at *4 fn (S.D.N.Y. Feb. 23, 2017)(suppression order); *Harris v. Howard*, 08 Civ. 4837 (CM), 2009 U.S. Dist. LEXIS 105860 (S.D.N.Y. Oct. 30, 2009)(arrest reports, criminal complaints, indictments and criminal disposition data).

In fact, the Amended Complaint is replete with references to, and discussion of, the very documents or testimony annexed to defendants' motion: (1) plaintiff's first criminal trial

2

is discussed in ¶¶69-72, 104-112; (2) the TIPS DD5 in ¶¶41-44, 80; (3) the photo array at ¶¶36-40, 78,101; (4) the lineup at ¶¶54-61, 65, 92-95; (5) the independent source hearing held on August 9, 2010 at ¶¶91-103, 113; (6) plaintiff's second criminal trial at ¶¶75; (7) the June 14, 2010 hearing at ¶90; and (8) the indictment at ¶68.   Thus, these documents are themselves integral to plaintiff's Amended Complaint and can be considered by the Court. *See Chambers, supra.*  Plaintiff is trying to have it both ways:  He extensively refers to testimony and documents in the Amended Complaint, but then objects to defendants' use of those same materials in this motion.  Defendants respectfully request that the Court consider these documents and convert the motion to one for summary judgment under Rule 12(d), if necessary.

## POINT II

### PLAINTIFF'S DENIAL OF A FAIR TRIAL CLAIM FAILS BECAUSE EVEN IF HIS ALLEGATIONS ARE TRUE, HE CANNOT SHOW THAT HE WAS INJURED BY THE ARRAY, LINEUP OR TIPS DD5

Plaintiff's denial of a fair trial claim must fail because even if, *arguendo*, the photo array, lineup and TIPS DD5 information were manufactured by defendants (which defendants vehemently deny), none of that evidence could have injured plaintiff because (1) the photo array and lineup were not introduced at trial (indeed the lineup was disavowed by the District Attorney at the June 14, 2010 Hearing), and the TIPS information only tangentially; and (2) the proximate cause of plaintiff's conviction was the testimony of Bernadette Johnson whose knowledge and impressions of the incident were formed *before* she was shown the photo array or the lineup.

As set forth in defendants' original motion papers, the array and the lineup were not introduced into evidence and so were not seen by the jury.  Thus, they could not have directly influenced the jury to convict plaintiff. *See e.g. Blair v. City of New York*, 03 CV 1485, 2009

U.S. Dist. LEXIS 29300 (E.D.N.Y. Mar. 31, 2009)("[t]he constitutional violation occurs when such evidence *is admitted at trial* and impairs the truth-seeking function of the court proceedings")(emphasis supplied).   Plaintiff's opposition avers that the import of these documents is (1) they subtly influenced Ms. Johnson to falsely identify plaintiff as the perpetrator; and (2) even if they were not introduced at trial, the defendant officers and the Queens District Attorney's Office was aware that the array, lineup and DD5 had been concocted—a fact allegedly hidden from the criminal court, thereby maintaining the chain of causation between the creation of these documents and plaintiff's conviction.  Neither of these arguments are availing.

Defendants have already cited to a number of cases showing the requirement that the evidence in question must actually be admitted into evidence to sustain a claim for denial of fair right to trial.  Neither the array nor the lineup nor the DD5 was seen by the jury.  It is not credible that Ms. Johnson, who had just seen the perpetrator/plaintiff the day before the photo array/lineup, could have been tricked into identifying the wrong person (plaintiff), when plaintiff (as he claims) bore no resemblance to the actual perpetrator.   Put another way if, *arguendo*, Bernadette Johnson had originally described a young man who had run, not limped, from the Radio Shack after the robbery, and if defendants were of a mind to influence Ms. Johnson to select a patsy as the perpetrator, then why would they settle upon plaintiff, who does not match this description?[1]

The argument that the chain of causation between defendants' alleged actions and plaintiff's convictions was maintained because the criminal court was misled is simply at odds

---

[1] Indeed, the Amended Complaint concedes that after the robbery Ms. Johnson was twice shown photographs of various potential suspects, on June 24 and June 26, 2009, but did not identify any as the robber (Amended Complaint at ¶22-23).  Thus, Ms. Johnson was clearly not going to be easily misled, and was motivated by the desire to identify the correct perpetrator.

with what occurred.  As previously set forth (See Defendants' Memorandum of Law at p. 7, fn), the Queens District Attorney's Office conceded that the lineup was suggestive at the June 14, 2010 Hearing, and tried to use the array as an independent source.  The Court (and plaintiff's criminal defense counsel) was thus well aware of the deficiencies associated with the lineup. The photo array was in the possession of the defense.  If the defense felt that the array was unduly suggestive and unfairly tainted Ms. Johnson's recollection, it could have so argued at the June 10, 2010 Hearing, or the subsequent Independent Source Hearing.[2]  Both the criminal court and the plaintiff's own criminal counsel had all the information they required to determine the propriety of both the array and the lineup.  *See Hicks v. City of New York*, 232 F. Supp. 3d 480, 494 (S.D.N.Y. 2017); *Vasquez v. City of New York*, 14 Civ. 491 (RMB), 2014 U.S. Dist. LEXIS 157259, at *28 (S.D.N.Y. Nov. 6, 2014); *Newton v. City of New York*, 640 F. Supp. 2d 426, 443 (S.D.N.Y. Jul. 31, 2009).  No one was misled.

The materiality of the TIPS DD5 is even more attenuated.  Plaintiff argues that defendant Lopez concocted the TIPS DD5 after plaintiff's identification to "bolster what he knew was a weak case."  Even if true, plaintiff will not be able to show that the TIPS DD5 (which was never shown to the jury), or even Lopez's TIPS testimony[3] caused plaintiff's conviction.  This is illustrated by the Second Department's decision vacating plaintiff's conviction during which it found that "we are satisfied that the verdict of guilt was not against

---

[2] Notably, the Appellate Division, Second Department, rejected plaintiff's contention that he was denied effective assistance of counsel at both the independent source hearing and at trial.  *People v. Benitez*, 120 A.D. 3 705, 706 (2nd. Dept. 2014).

[3] Plaintiff's memorandum of law, regrettably, misrepresents defendants' memo of law.  Plaintiff states that defendants contend that the TIPS information was not introduced at plaintiff's first criminal trial (Plaintiff's Memorandum of Law at p. 6).  This is, in fact, false as defendants said no such thing (see Defendants' Memorandum of Law at p. 7).

the evidence." *Benitez*, 120 A.D.2d at 706.  Plaintiff was convicted based upon the strength of Ms. Johnson's testimony in what was essentially a one-witness case.

**POINT III**

**PLAINTIFF'S CANNOT MAINTAIN A MALICIOUS PROSECUTION CLAIM**

Defendants' original motion papers showed that probable cause existed in the form of Ms. Johnson's account that plaintiff was the robber, and therefore, plaintiff's claim for malicious prosecution must be dismissed.  While plaintiff alleges that defendants fraudulently concocted the array, lineup and TIPS DD5, nowhere in the Amended Complaint does plaintiff allege that Ms. Johnson herself was lying or otherwise untruthful.

The case law of this Circuit firmly establishes that the proper claim for a violation of rights based upon a defective photo array or lineup is a claim for denial of fair right to trial, not malicious prosecution.  *See Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007)("the constitutional violation is that Wray's *right to a fair trial* was impaired by the admission of testimony regarding the unreliable identification")(emphasis supplied).  Accordingly, plaintiff's malicious prosecution claim should be dismissed with prejudice.

**POINT IV**

**PLAINTIFF'S *MONELL* CLAIM SHOULD BE DISMISSED**

**A.     Plaintiff May Not Maintain His *Monell* Claim Against The City**

As set forth in defendants' original memorandum of law, the emerging case law in this District is that the City cannot be held liable for any prosecutorial misconduct engaged in by the five District Attorneys within its borders.  *See Bellamy v. City of New York*, 12 Civ. 1025 (AMD)(PK), 2017 U.S.Dist. LEXIS 75306 (E.D.N.Y. May 17, 2017); *Jones v. City of New York*, 988 F. Supp. 2d 305 (E.D.N.Y. 2013).  Plaintiff, instead, relies upon *Walker v. City of New York*,

6

974 F.2d 293 (2d Cir. 1992), and in doing so misapprehends the Supreme Court decision in *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855 (2009).

It is well established that the City can only be held liable for administrative functions of the District Attorney, and has no control over District Attorney's actions in prosecuting a criminal matter. *See Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity represents the State, not the county… A county has no right to establish a policy concerning how [district atttorneys] should prosecute violations of State penal laws"). *Walker* only stands for the proposition that that City may be held liable under a *Monell* claim for the actions of the District Attorney's Office to the extent those actions constitute managerial or administrative functions, and that training and supervision fall into this category.[4]

The import of *Van de Kamp* is that it more sharply defined administrative functions versus prosecutorial functions. The *Van de Kamp* Court determined that the sort of supervision and training at issue here, while technically administrative, actually directly concerns the course and conduct of prosecutions. Thus, the significance of *Van de Kamp* extends further than the question of whether district attorneys may enjoy immunity for claims arising from training provided to their assistants as plaintiff contends. Rather, *Van de Kamp* also establishes that training falls under the "prosecutorial" umbrella, and not the "administrative" one. "The management tasks at issue… concern how and when to make impeachment information available at trial. They are thereby directly connected with the prosecutor's basic trial advocacy duties." *Van de Kamp*, 555 U.S. at 346. *See also Thompson v. Connick*, 578 F.3d 293, 293-295 (5th Cir.

---

[4] It is also noteworthy that in *Walker*, the District Attorney's Office provided *no* training concerning the disclosure of *Brady* material, in contrast to the within case, where plaintiff makes no such allegation, but rather only that the District Attorney failed to "properly" train his assistants (Amended Complaint at ¶115) .

2009)(Jones, C.J., concurring)(listing 13 reasons why Van de Kamp's rationale also applies equally to *Monell* claims).   The Amended Complaint thus concerns the Queens District Attorneys' Office's prosecutorial functions, not administrative ones.   Therefore, as set forth in *Bellamy* and *Jones, supra*, plaintiff cannot maintain his *Monell* claim against the City.

**B.      Plaintiff Has Not Sufficiently Plead a Constitutional Violation**

As set forth in defendants' original motion papers and Points II and III, *supra*, plaintiff has not sufficiently plead an underlying constitutional violation.   Plaintiff argues that any dispute between the defendant officers and the defendant assistant district attorney concerning the lineup constituted *Brady* information which should have been disclosed.   As even plaintiff agrees, in order for undisclosed *Brady* material to constitute a denial of right to fair trial, the failure must be *material*.   *Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014). Any issues concerning the lineup cannot be material because Johnson was shown the photo array *first* and identified plaintiff as the perpetrator.[5]   Moreover, as previously set forth, the criminal court was well aware of the issues presented by the array and lineup.

The other cases cited by plaintiff concerning prosecutorial misconduct are themselves inapposite because they concern criminal cases, and thus have different standards of proof than a civil *Monell* claim.   Put another way, the fact that a criminal court may have found some instance of prosecutorial misconduct does not, *ipso facto*, create a *Monell* claim.

**C.      Plaintiff Still Has Not Plead Sufficient Facts to Support His *Monell* Claim**

Even if a *Monell* claim is theoretically viable against the City, plaintiff has not set forth sufficient facts to support his allegation that the Queens District Attorney's Office maintains unlawful policies or practices.   As previously set forth, plaintiff's list of 118 boilerplate cases dating back to the 1980s is insufficient to allege a *Monell* claim (See

---

[5] Thus, Johnson would have testified against plaintiff even if she had not been shown the lineup.

Defendants' Memorandum of Law at Point V, pp. 17-25).  These cases indicate, at most, that a particular conviction was overturned, and do not reflect a finding by a court that plaintiff's constitutional rights in the context of §1983 were violated.  Plaintiff simply handwaves away the fact that the overwhelming majority of the cases date back decades, before the present District Attorney took office, when the obvious conclusion is that even if, *arguendo*, an unlawful policy or practice existed back in the 1980s, it vanished long ago.

Moreover, as set forth in defendants' original motion papers, evidence of prior settlements and lawsuits is insufficient to establish a *Monell* claim   *See Jean-Laurent v. Wilkerson*, 09-1929-pr, 2012 U.S. App. LEXIS 2631, at *9 (2d Cir. 2012); *Jones v. City of New York*, 12-CV-3658, 2013 U.S. Dist. LEXIS 162235, at *37 (E.D.N.Y. Nov. 14, 2013); *Harris v. City of Newburgh*, 16-CV-2731 (KMK), 2017 U.S. Dist. LEXIS 159561 (S.D.N.Y. Sept. 27, 2017).

Finally, contrary to plaintiff's argument, a single incident is generally insufficient to allege a *Monell* claim unless the incident was the result of a *policymaker* either making an unconstitutional decision herself or endorsing a subordinate's decision.  *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004).  The assistant district attorneys who prosecuted plaintiff, as well as Grillo, were not "policymakers" for Queens District Attorney's Office.  *See e.g. Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003) (police commissioner considered a "policymaker" because he "had authority to set department-wide" policies).  There is also no evidence that the District Attorney endorsed or approved any decision any defendant or assistant district attorney made.  Plaintiff is improperly attempting to impose *respondeat superior* liability upon the City.  *See e.g. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**D.**     **Plaintiff Did Not Object to Bifurcating *Monell***

    In the event that this motion is denied, defendants requested that the *Monell* claim be bifurcated for purposes of both discovery and trial (Defendants Memorandum of Law at 24-25.  Plaintiff did not oppose this relief and defendants reiterate this request.

## POINT V

## DEFENDANT STAMM SHOULD BE DISMISSED FROM THIS ACTION

    As set forth in defendants' original motion papers, defendant Brian Stamm should be dismissed from this action because there is no allegation in the Amended Complaint that he either maliciously prosecuted plaintiff or denied him a fair trial.

## CONCLUSION

    For the foregoing reasons, Defendants City of New York, Raul Lopez, Frank Libretto, Brian Stamm and Tina Grillo respectfully request that the Court dismiss plaintiff's Amended Complaint with prejudice, convert this motion under Fed. R. Civ. P. 12(d) as necessary, and grant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
        January 19, 2018

                      ZACHARY W. CARTER
                      Corporation Counsel of the City of New York
                      Attorney for Defendants City of New York, Raul
                      Lopez, Frank Libretto, Brian Stamm and Tina
                      Grillo
                      100 Church Street
                      New York, New York 10007
                      (212) 356-2654

                      By:___/s/_____
                        Michael K. Gertzer
                        Senior Counsel
                        Special Federal Litigation Division