# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

HARAN TAE
JACOB "COBY" LOUP

GEORGE R. GOLTZER
(OF COUNSEL)

May 22, 2018

**Certified Mail & E-mail**
Erin T. Ryan, Esq.
Assistant Corporation Counsel
Special Federal Litigation Division
City of New York Law Department
100 Church Street
New York, New York 10007

Re: *Benitez v. City of New York, et al.*
Dkt. No. 17-cv-03827 (SJ)(SJB)

Dear Ms. Ryan:

Please find enclosed Plaintiff's First Set of Interrogatories and Requests for Production of Documents in the above-referenced matter.

Very truly yours,

Joel B. Rudin

JBR/tp
Encl.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO BENITEZ,<br><br>       Plaintiff,<br><br> -against-<br><br>THE CITY OF NEW YORK, RAUL LOPEZ, FRANK LIBRETTO, SERGEANT BRIAN STAMM, AND TINA GRILLO,<br><br>       Defendants. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS**<br><br>17 Civ. 03827 (SJ)(SJB) |

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and Local Rule 26.3, Plaintiff RICARDO BENITEZ ("Plaintiff") requests that Defendants THE CITY OF NEW YORK, RAUL LOPEZ, FRANK LIBRETTO, SERGEANT BRIAN STAMM, and TINA GRILLO answer under oath the following Interrogatories and produce for inspection and copying the documents specified herein, on or before June 6, 2018, at the Law Offices of Joel B. Rudin, P.C., 152 West 57th Street, 8th Floor, New York, New York 10019.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to each of the Requests set forth below and are deemed to be incorporated therein except to the extent a particular Request may contain contrary definitions and instructions.

1. In answering the following interrogatories and responding to the following requests (collectively the "requests"), you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, employees, investigators, experts, representatives, or other agents or servants.

2. All documents that respond, in whole or in part, to any portion of any Request, shall be produced in their entirety, together with all attachments, enclosures, drafts, and non-identical copies.

3. Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

4. If the answer to all or any part of an Interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available as well as an explanation of the information that was once known or available and why it is not now known or available.

5. These Requests shall be deemed continuing so as to require further and supplemental production by Defendants in the event it discovers or obtains additional information or documents between the time of initial production and the time of hearing or trial.

6. If any information or document is withheld based upon a claim of privilege, state with specificity the information required by Local Rule 26.2.

7. Where any Request calls for the identification or production of electronically stored documents, a complete forensic or forensic-type search is to be performed by an individual with access to all centrally stored electronic data, in addition to any other search performed for such material.

8. Where any Request calls for documents or information that either never have been, or presently are not, in existence, indicate so in the relevant response.

9. Plaintiff incorporates by reference the Uniform Definitions in Discovery Requests set forth in Fed. R. Civ. P. 34(a) and Local Rule 26.3.

10. The term "Incident" refers to the events described in Plaintiff's Complaint.

## INTERROGATORIES

1. Identify the names and current business addresses of the assistant district attorney(s) assigned to each of the cases listed in Exhibit A of Plaintiff's Amended Complaint.

2. Identify all witnesses upon whose affidavit or testimony Defendants will rely to controvert any matter alleged in Plaintiff's Complaint, substantiate any matter alleged in Defendants' Answer, or support any affirmative defenses Defendants have asserted or may assert, and provide each witness' current address and telephone number.

## SPECIFIC DOCUMENT REQUESTS

1. All documents that provide any of the information requested in the preceding Interrogatories.

2. All documents upon which Defendants intend to rely, in their direct case or for impeachment, at any trial for liability or damages, or for any purpose at any deposition or hearing relating to this lawsuit, including any motion to dismiss or for summary judgment.

3. All documents relating to any matter alleged in Plaintiff's Complaint or in Defendants' Answer.

4. The complete file or files of the New York City Police Department ("NYPD") and the Queens County District Attorney's Office ("QDAO") concerning the investigation of the robbery at Radio Shack on June 24, 2009, and/or the arrest and prosecution of Ricardo Benitez under Ind. No. 2429/09, from June 24, 2009, through the present, including but not limited to: hearing and/or trial exhibits; *Rosario* and *Brady* material; records of disclosure, including Voluntary Disclosure Form; transcripts; charging instruments; notes; memo book entries; reports; e-mails; correspondence; faxes; press releases; teletypes; text messages; memoranda; intake bureau reports; material witness applications, warrants, orders, and/or hearing transcripts;

3

witness statements; witness relocation or protection records; records of any payments made to any witness or on any witness' behalf for housing, meals, travel, or otherwise; orders to produce; police reports; wanted posters; oral or video recordings; 911 tapes; Sprint reports; photographs; drawings; physical evidence of any kind; requests for lab examinations; forensic reports; subpoenas; receipts; returns on subpoenas; calendar entries and logs; Detective Investigator logs, files, and records; documents concerning the investigation of any other suspects; documents related to any post-trial investigation; and all other materials related to the investigation of the Radio Shack robbery and/or Plaintiff's arrest and prosecution.

5. The complete file or files of the NYPD and the QDAO for each arrest, complaint, and domestic incident referenced in DD5 #4 of NYPD Complaint #2009-100-01623, dated June 25, 2009.

6. All documents concerning this lawsuit or Plaintiff obtained by Defendants through subpoena or through use of the Plaintiff's HIPAA, CPL § 160.50, or other release.

7. All documents containing statements of Plaintiff in Defendants' possession, custody, or control, whether oral, written, or otherwise recorded.

8. All personnel files of the NYPD and QDAO, including but not limited to, hiring records, training records, evaluations, assignments, complaints, records of disciplinary investigation or action, promotions and demotions, and/or salary records, concerning Raul Lopez, Frank Libretto, Brian Stamm, and Tina Grillo.

9. All QDAO personnel records, including but not limited to, hiring records, training records, evaluations, complaints, records of disciplinary investigation or action, promotions and demotions, and/or salary records, for the assistant district attorney(s) assigned at trial to each of the cases listed in Exhibit A of Plaintiff's Amended Complaint.

4

10. The appellate briefs filed in each of the cases listed in Exhibit A of Plaintiff's Amended Complaint.

11. All QDAO written directives, memoranda, manuals, policies, or procedures in effect, or distributed to ADAs, on or between January 1, 2004, and March 11, 2015, concerning:

   a. The investigation and discipline of ADAs accused of misconduct in the investigation or prosecution of a criminal suspect or defendant;

   b. The duty not to create or to otherwise use false, misleading, or unreliable evidence, testimony, statements, or arguments during criminal proceedings;

   c. The obligation to correct false, inaccurate, incomplete, or misleading evidence, testimony, statements, and argument, where such misconduct is discovered to have occurred;

   d. The obligation to refrain from introducing at trial evidence that the prosecutor knows will violate the defendant's constitutional rights and cause him or her prejudice;

   e. The obligation to disclose material favorable to the defense as set forth in *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 450 U.S. 150 (1972), and their progeny;

   f. The "Chinese Wall" policy of withholding promises or benefits given to witnesses with respect to their own arrests or prosecutions, or with respect to their protection and relocations;

   g. The arrest and detention of material witnesses pursuant to material witness orders;

      h. The involvement of ADAs in identification procedures and general standards for said procedures; and

      i. Note-taking by ADAs and Detective-Investigators with respect to interviews of prospective grand jury or trial witnesses.

12. All personnel or disciplinary records of the QDAO, which the defense intends to rely upon in connection with any motion for summary judgment, at trial, or in any other proceeding related to this matter.

13. All written procedures, manuals, guidelines, and other documents stating any procedure at the QDAO for the investigation, discipline, or correction of any type of misconduct by individual prosecutors, which the defense intends to rely upon in connection with any motion for summary judgment, at trial, or in any other proceeding related to this matter.

14. To the extent not covered by the previous requests, all documents concerning or mentioning the Individual Defendants that relate to the Incident or the investigation of it.

**PLEASE TAKE NOTICE** that Plaintiff will object to the introduction at trial of any document or information not produced in response to the foregoing Interrogatories and Document Requests and to any evidence any requested document or information which has not been revealed by an appropriate response to these Interrogatories and Document Requests.

Dated: New York, New York
       May 22, 2018

Yours, etc.,

LAW OFFICES OF JOEL B. RUDIN, P.C.

_____
By: Joel B. Rudin, Esq.
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
Email: jbrudin@rudinlaw.com

*Attorney for Plaintiff*

To:  Erin T. Ryan, Esq.
     New York City Law Department
     Special Federal Litigation Division
     100 Church Street
     New York, NY 10007

     *Attorney for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RICARDO BENITEZ,  :  17 Civ. 03827 (SJ)(SJB)

                  Plaintiff,  :  **AFFIDAVIT OF SERVICE BY E-MAIL AND CERTIFIED MAIL/R.R.R.**

   -against-  :

THE CITY OF NEW YORK, et al.  :

                  Defendants.  :

-------------------------------------------------------------x

STATE OF NEW YORK   )
                      ) ss.:
COUNTY OF NEW YORK)

      THERESA PETERS, being duly sworn, hereby deposes and says:

      I am employed at the Law Offices of Joel B. Rudin, P.C., Carnegie Hall Tower, 152 West 57th Street, Eighth Floor, New York, New York 10019, am not a party to this action and am over the age of 18 years.

      On May 22, 2018, I caused to be served by E-mail at: eryan@law.nyc.gov, and by Certified Mail/R.R.R. service, upon the following party, a true and correct copy of **Plaintiff's First Set of Interrogatories and Requests for the Production of Documents**, by placing same in a post-paid wrapper, and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State:

    Erin Teresa Ryan, Esq.
    Assistant Corporation Counsel
    City of New York Law Dept.
    100 Church Street
    New York, New York 10007.

                                                      _/s/ Theresa Peters_
                                                      THERESA PETERS

Sworn to before me this
22nd day of May, 2018

_/s/ Haran Tae_
Notary Public

                                                HARAN TAE
                                    Notary Public, State of New York
                                        No. 02TA6340946
                                   Qualified in New York County
                              Commission Expires Apr. 25, 20__