UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

RICARDO BENITEZ,

                                        Plaintiff,

          -against-

THE CITY OF NEW YORK, RAUL LOPEZ, FRANK
LIBRETTO, SERGEANT BRIAN STAMM, AND TINA
GRILLO,

                                        Defendants.

------------------------------------------------------------------------- x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
SET OF
INTERROGATORIES
AND REQUESTS FOR
THE PRODUCTION
OF DOCUMENTS**

17-CV-3827 (SJ)(SJB)

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure,

defendants respond and object to Plaintiff's First Set of Interrogatories and Requests for the

Production of Documents as follows:

## GENERAL STATEMENT

1.  By responding to any request, defendants do not concede the materiality of the

subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents produced, or of the subject matter thereof, in any proceeding including the trial of this

action or any subsequent proceeding.

2.  Inadvertent production of any document, which is privileged, was prepared in

anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of

any privilege or of another ground for objecting to discovery with respect to that document or

any other document, or its subject matter, or the information contained therein, or of defendants'

right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. Defendants will provide, under separate cover, a privilege index, if appropriate.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the names and current business addresses of the assistant district attorney(s) assigned to each of the cases listed in Exhibit A of Plaintiff's Amended Complaint.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is overbroad, not sufficiently limited in time or scope as it seeks information for over 100 individuals, not relevant as it seeks information for people involved in cases that are not discoverable in this matter, to the extent it seeks information outside the custody or control of defendants as not all of the people sought are still employed by the Queens County District Attorney's Office, to the extent the current employers of any of those individuals are publically available and therefore equally available to plaintiff, to the extent this request is not proportional to the needs of the case, and to the extent it invades the privacy rights of non-parties.

Notwithstanding, or in any way limiting these specific objections, defendants state that the names of the assistant district attorneys ("ADAs") for cases defendants agree are relevant and proportional to the needs of the case (see Objection and Response to Document Request No. 9):[1]

---

[1] For clarity, defendants will use the numbers in Exhibit A of Plaintiff's Amended Complaint for all cases referred to in this document.

- 2 -

82. <u>People v. Rivera</u> – ADA Lester Seidman

83. <u>People v. Alfaro</u> – ADA Sal Spano

84. <u>People v. Robinson</u> – ADA Kevin Fogarty

85. <u>People v. Lewis</u> – ADA Adriana Vieco

86. <u>People v. Washington</u> – ADA Frank DeGeatano

87. <u>Farakesh v. Artuz</u> – ADA Claude Stuart

88. <u>People v. Smith</u> – ADA Linda Michetti

90. <u>People v. Ni</u> – ADA Frank DeGeatano

91. <u>Jenkins v. Artuz</u> – ADA Solomon Landa, ADA Theresa Lendino

92. <u>People v. Lauderdale</u> – ADA Carmencita Gutierrez

93. <u>People v. Bhupsingh</u> – ADA Katherine Kane

94. <u>People v. Ramashwar</u> – ADA Maryam Lipkansky

95. <u>People v. Jones</u> – ADA Umberto Guido

96. <u>People v. Jamal</u> – ADA Claude Stuart

97. <u>People v. Milligan</u> – ADA Mitchel Weiss

98. <u>Su v. Filion</u> – ADA Linda Rosero

102. <u>People v. Brown</u> – ADA Brad Leventhal

104. <u>People v. Bennett</u> – ADA Claude Stuart, ADA Deborah Nathan

106. <u>People v. Sayers</u> – ADA Brian Lee

107. <u>People v. Bellamy</u> – ADA David Guy

**INTERROGATORY NO. 2:**

Identify all witnesses upon whose affidavit or testimony Defendants will rely to controvert any matter alleged in Plaintiff's Complaint, substantiate any matter alleged in

Defendants' Answer, or support any affirmative defenses Defendants have asserted or may assert, and provide each witness' current address and telephone number.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to Interrogatory No. 2 on the grounds that is premature, and further state that defendants will identify witnesses they intend to rely on for motion practice and/or at trial at the appropriate time as required by the Federal Rules of Civil Procedure.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents that provide any of the information requested in the preceding Interrogatories.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Upon information and belief, all documents in this case currently in the possession of defendants was produced during the previous New York State Court of Claims case between the same parties, and therefore no additional documents need to be produced at this time (see Objection and Response to Document Request No. 9). Defendants further state that they will supplement this response, if necessary, once the parties have been able to confirm and exchange the documents in their possession, and counsel has a reasonable opportunity to review those documents.

**DOCUMENT REQUEST NO. 2:**

All documents upon which Defendants intend to rely, in their direct case or for impeachment, at any trial for liability or damages, or for any purpose at any deposition or hearing relating to this lawsuit, including any motion to dismiss or for summary judgment.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Discovery Request No. 2 on the grounds that it is overbroad, burdensome to the extent it seeks documents already in plaintiff's custody or control, to the extent it seeks information protected by the work product, attorney/client and/or other applicable privileges as plaintiff requests information/documents relied upon by defendants in litigating this case, and on the grounds that it is premature. Defendants further state that they will identify and

produce the documents they intend to rely on for motion practice and/or at trial at the appropriate time as required by the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 3:**

All documents relating to any matter alleged in Plaintiff's Complaint or in Defendants' Answer.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Discovery Request No. 3 on the grounds that it is overbroad, not specifically limited in scope, it seeks documents not in defendants possession, custody or control, burdensome as it seeks documents already in plaintiff's custody or control, and to the extent the information sought is protected from disclosure by the law enforcement, deliberative process, work product, attorney/client and/or other applicable privileges.

Notwithstanding, or in any way limiting these specific objections, defendants state that upon information and belief, all documents in this case currently in the possession of defendants were produced during the previous New York State Court of Claims case between the same parties, and therefore no additional documents need to be produced at this time (see Objection and Response to Document Request No. 9). Defendants further state that they will supplement this response, if necessary, once the parties have been able to confirm and exchange the documents in their possession, and counsel has a reasonable opportunity to review those documents.

**DOCUMENT REQUEST NO. 4:**

The complete file or files of the New York City Police Department ("NYPD") and the Queens County District Attorney's Office ("QDAO") concerning the investigation of the robbery at Radio Shack on June 24, 2009, and/or the arrest and prosecution of Ricardo Benitez under Ind. No. 2429/09, from June 24, 2009, through the present, including but not limited to:

hearing and/or trial exhibits; *Rosario* and *Brady* material; records of disclosure, including Voluntary Disclosure Form; transcripts; charging instruments; notes; memo book entries; reports; e-mails; correspondence; faxes; press releases; teletypes; text messages; memoranda; intake bureau reports; material witness applications, warrants, orders, and/or hearing transcripts; witness statements; witness relocation or protection records; records of any payments made to any witness or on any witness' behalf for housing, meals, travel, or otherwise; orders to produce; police reports; wanted posters; oral or video recordings; 911 tapes; Sprint reports; photographs; drawings; physical evidence of any kind; requests for lab examinations; forensic reports; subpoenas; receipts; returns on subpoenas; calendar entries and logs; Detective Investigator logs, files, and records; documents concerning the investigation of any other suspects; documents related to any post-trial investigation; and all other materials related to the investigation of the Radio Shack robbery and/or Plaintiff's arrest and prosecution.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Discovery Request No. 4 on the grounds that it is not sufficiently limited in time or scope, overbroad, compound, vague as to what plaintiff is referring to as "all other materials," to the extent it seeks documents already in plaintiff's custody and control, and to the extent it violates the privacy rights of non-parties as it seeks "witness relocation or protection records."

Notwithstanding, or in any way limiting these specific objections, defendants state that upon information and belief, all documents in this case currently in the possession of defendants were produced during the previous New York State Court of Claims case between the same parties, and therefore no additional documents need to be produced at this time. Defendants further state that they will supplement this response, if necessary, once the parties

have been able to confirm and exchange the documents in their possession, and counsel has a
reasonable opportunity to review those documents.

**DOCUMENT REQUEST NO. 5:**

The complete file or files of the NYPD and the QDAO for each arrest, complaint,
and domestic incident referenced in DD5 #4 of NYPD Complaint #2009-100-01623, dated June
25, 2009.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Discovery Request No. 5 on the grounds that it invades the
privacy interests of a non-party as plaintiff is seeking personal criminal information regarding
non-party eyewitness Bernadette Johnson, to the extent it seeks information protected by the
sealing provisions of NY CPL §§ 160.50 and/or 160.55 as this request potentially seeks
information regarding the arrests of non-parties, and to the extent that this request seeks
information not relevant to any claims or defenses.

**DOCUMENT REQUEST NO. 6:**

All documents concerning this lawsuit or Plaintiff obtained by Defendants
through subpoena or through use of the Plaintiff's HIPAA, CPL § 160.50, or other release.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

See Objection and Response to Document Request No. 1.

**DOCUMENT REQUEST NO. 7:**

All documents containing statements of Plaintiff in Defendants' possession,
custody, or control, whether oral, written, or otherwise recorded.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

See Objection and Response to Document Request No. 1.

**DOCUMENT REQUEST NO. 8:**

All personnel files of the NYPD and QDAO, including but not limited to, hiring records, training records, evaluations, assignments, complaints, records of disciplinary investigation or action, promotions and demotions, and/or salary records, concerning Raul Lopez, Frank Libretto, Brian Stamm, and Tina Grillo.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Discovery Request No. 8 on the grounds that it is not sufficiently limited in time, to the extent this request invades the privacy rights of the defendants, and to the extent the information sought is protected from disclosure by the law enforcement, official information and/or other applicable privileges. Moreover, to the extent plaintiff seeks documents from any ongoing investigations, defendants object pursuant to the law enforcement privilege. Defendants also object on the grounds that it seeks information/documents regarding allegations that are not of a similar nature to the allegations in the complaint and predates the incident by more than 10 years, or which occurred subsequent to the incident, seeks information/documents regarding allegations of wrongdoing which were not substantiated or which did not result in the finding of wrongdoing.

Notwithstanding, and without waiving or in any way limiting these specific objections, defendants will produce appropriately redacted personnel files for the defendants up to 2015 (the date of plaintiff's second trial) with personal information redacted, and once a Stipulation of Confidentiality and Protective Order is fully executed by all parties and thereafter endorsed by the Court.

**DOCUMENT REQUEST NO. 9:**

All QDAO personnel records, including but not limited to, hiring records, training records, evaluations, complaints, records of disciplinary investigation or action, promotions and

demotions, and/or salary records, for the assistant district attorney(s) assigned at trial to each of the cases listed in Exhibit A of Plaintiff's Amended Complaint.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Discovery Request No. 9 on the grounds that it is overbroad, unduly burdensome and not proportional to the needs of the case as plaintiff seeks documents going back over 40 years, not appropriately limited in time or scope, to the extent it seeks information not relevant to any claim or defense as it seeks records for cases that took place after plaintiff's criminal trial had concluded and as it seeks records for cases that took place prior to the current District Attorney being in office, and to the extent it violates the privacy interests of non-parties whose personal information is contained therein.

Defendants further state that they will not produce any files for cases more than 10 years prior to plaintiff's arrest nor will they produce any files for cases subsequent to plaintiff's criminal trial, as "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide notice to the City and the opportunity to conform to constitutional dictates." Connick v. Thompson, 563 U.S. 51, 63 n.7, 131 S. Ct. 1350, 1360 (2011) (internal citations omitted).

Therefore, looking at this specific range of 1999 – 2010 (cases #82 – 107 in Plaintiff's Exhibit A), defendants further object to produce files from the following cases, on the grounds that the alleged *Brady* violation which resulted in the reversal does not meet the similarity requirement established in Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350 (2011), and therefore is not relevant to any parties' claims or defenses: (89) People v. Leavy, (99) People v. Thomas, (100) Turner v. Schriver, (101) People v. Mitchell, (103) People v. Knight, and (105) People v. Frantz.

Notwithstanding, and without waiving or in any way limiting these specific objections, defendants will agree to produce the personnel files for the ADAs in the following cases,[2] with appropriate redactions and after a Stipulation of Confidentiality and Protective Order is fully executed by all parties and thereafter endorsed by the Court:

82. <u>People v. Rivera</u> – ADA Lester Seidman

83. <u>People v. Alfaro</u> – ADA Sal Spano

85. <u>People v. Lewis</u> – ADA Adriana Vieco

86. <u>People v. Washington</u> / 90. <u>People v. Ni</u> – ADA Frank DeGeatano

88. <u>People v. Smith</u> – ADA Linda Michetti

93. <u>People v. Bhupsingh</u> – ADA Katherine Kane

94. <u>People v. Ramashwar</u> – ADA Maryam Lipkansky

97. <u>People v. Milligan</u> – ADA Mitchel Weiss

102. <u>People v. Brown</u> – ADA Brad Leventhal

104. <u>People v. Bennett</u> –ADA Deborah Nathan

106. <u>People v. Sayers</u> – ADA Brian Lee

107. <u>People v. Bellamy</u> – ADA David Guy

**DOCUMENT REQUEST NO. 10:**

The appellate briefs filed in each of the cases listed in Exhibit A of Plaintiff's Amended Complaint.

---

[2] Defendants only agree to produce personnel files for ADAs which plaintiff's counsel is not already in possession of from the <u>Su</u> case, as detailed by counsel in their May 29, 2018 Memo. Therefore, to the extent an ADA worked on multiple cases listed in plaintiff's Exhibit A, and plaintiff is already in possession of their personnel file, defendants will not produce another copy in this matter.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Discovery Request No. 10 on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, it seeks information not in defendants' possession, custody and/or control, to the extent it seeks information equally or more available to plaintiff, not relevant to any parties' claims or defenses, and vague as to which parties' appellate brief plaintiff seeks.

**DOCUMENT REQUEST NO. 11:**

All QDAO written directives, memoranda, manuals, policies, or procedures in effect, or distributed to ADAs, on or between January 1, 2004, and March 11, 2015, concerning:

a.   The investigation and discipline of ADAs accused of misconduct in the investigation or prosecution of a criminal suspect or defendant;

b.   The duty not to create or to otherwise use false, misleading, or unreliable evidence, testimony, statements, or arguments during criminal proceedings;

c.   The obligation to correct false, inaccurate, incomplete, or misleading evidence, testimony, statements, and argument, where such misconduct is discovered to have occurred;

d.   The obligation to refrain from introducing at trial evidence that the prosecutor knows will violate the defendant's constitutional rights and cause him or her prejudice;

e.   The obligation to disclose material favorable to the defense as set forth in *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 450 U.S. 150 (1972), and their progeny;

f.      The "Chinese Wall" policy of withholding promises or benefits given to witnesses with respect to their own arrests or prosecutions, or with respect to their protection and relocations;

g.      The arrest and detention of material witnesses pursuant to material witness orders;

h.      The involvement of ADAs in identification procedures and general standards for said procedures; and

i.      Note-taking by ADAs and Detective-Investigators with respect to interviews of prospective grand jury or trial witnesses.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Discovery Request No. 11 on the grounds that it is overbroad, compound, not sufficiently limited in time as it seeks documents subsequent to plaintiff's trial in 2010 where the alleged violation occurred, not sufficiently limited in scope, not proportional to the needs of the case, and to the extent that it is not a more practical method of obtaining the information sought than a deposition, and to the extent plaintiff is seeking the documents regarding duties of ADAs that are determined by case law and/or ethical guidelines this information is equally or more available to plaintiff.

**DOCUMENT REQUEST NO. 12:**

All personnel or disciplinary records of the QDAO, which the defense intends to rely upon in connection with any motion for summary judgment, at trial, or in any other proceeding related to this matter.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Discovery Request No. 12 on the grounds that it is overbroad, burdensome to the extent it seeks documents already in plaintiff's custody or control,

- 13 -

to the extent it seeks information protected by the work product, attorney/client and/or other applicable privileges as plaintiff requests information/documents relied upon by defendants in litigating this case, and on the grounds that it is premature. Defendants further state that they will identify and produce the documents they intend to rely on for motion practice and/or at trial at the appropriate time as required by the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 13:**

All written procedures, manuals, guidelines, and other documents stating any procedure at the QDAO for the investigation, discipline, or correction of any type of misconduct by individual prosecutors, which the defense intends to rely upon in connection with any motion for summary judgment, at trial, or in any other proceeding related to this matter.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Discovery Request No. 13 on the grounds that it is overbroad, burdensome to the extent it seeks documents already in plaintiff's custody or control, to the extent it seeks information protected by the work product, attorney/client and/or other applicable privileges as plaintiff requests information/documents relied upon by defendants in litigating this case, and on the grounds that it is premature. Defendants further state that they will identify and produce the documents they intend to rely on for motion practice and/or at trial at the appropriate time as required by the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 14:**

To the extent not covered by the previous requests, all documents concerning or mentioning the Individual Defendants that relate to the Incident or the investigation of it.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Discovery Request No. 14 on the grounds that it is overbroad as it seeks "all documents" that mention or concern the individual defendants without

- 14 -

limitation, not sufficiently limited in scope as the request is not limited to only documents in control of defendants, not limited in time in any way, compound, to the extent it seeks information not in the custody, possession and/or control of defendants, vague as to what plaintiff is specifically requesting, and to the extent the information sought is protected by the law enforcement, work product, official information and/or deliberate process privileges. Moreover, to the extent plaintiff seeks documents from any ongoing investigations, defendants object pursuant to the law enforcement privilege. Defendants further object on the grounds that this request implicates privacy interests of the individuals concerned, and to the extent it implicates the privacy interests of non-parties.

Dated:     New York, New York
           July 9, 2018

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                         City of New York
                        *Attorney for Defendants*
                        100 Church Street, Room 3-308A
                        New York, New York 10007
                        (212) 356-5056

By:        *Erin T. Ryan*
                        ERIN TERESA RYAN
                        *Assistant Corporation Counsel*

TO:     Joel B. Rudin, Esq.  (By First Class Mail)
          *Attorney for Plaintiff*
          152 West 57th Street, 8th Floor
          New York, New York 10019
          (212) 752-7600
          Email: jbrudin@rudinlaw.com