# Haran Tae

| | |
|---|---|
| **From:** | Ryan, Erin (LAW) <Eryan@law.nyc.gov> |
| **Sent:** | Friday, September 7, 2018 5:55 PM |
| **To:** | Haran Tae; Joel B. Rudin |
| **Subject:** | RE: Benitez - Follow Up to 8/15/18 Call |

Haran,

Please see my notes in red below as to the individual requests, as discussed during yesterday's call and defendants' position on the below points.

Also, just confirming plaintiff's position regarding settlement: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thanks,

Erin Ryan
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
212-356-5056
eryan@law.nyc.gov

_____

**September 6, 2018 – Plaintiff's Position Pre-Meet and Confer**

Interrogatory #1
Defendants have agreed to provide the names of prosecutors assigned to those *Monell* case files that Defendants will produce, either by agreement or court order.
**Defendants agree with this statement.**

Interrogatory #2, Document Requests #1-3
Plaintiff reminds Defendants of their ongoing obligation, under FRCP 26, to update and supplement their responses to these requests, and to automatically disclose, in a timely manner, any witnesses or documents they *may* use to support their claims or defenses.
**Defendants agree with this statement.**

Document Request #4
Per your e-mail dated August 17, Defendants have agreed to produce responsive documents by September 16, and to provide a privilege log for documents redacted or withheld. Plaintiff reserves the right to bring a discovery motion after reviewing Defendants' response on September 16, should Plaintiff's counsel determine that Defendants' response is incomplete or inappropriately redacted.
**Defendants will produce these files with appropriate redactions and a privilege log by October 19.**

Document Request #5
Plaintiff agrees to narrow his request to the following incidents:

1. 1/28/2000, NYPD Complaint #2000-115-001001 (Johnson filed missing person complaint report)

2. 9/8/2000, NYPD Complaint #2000-115-10041 (Johnson filed assault complaint report)
3. 5/26/2003, Domestic Incident #2003-100-000579, NYPD Complaint #2003-100-060939, Arrest #Q03615230 (Johnson arrested for menacing uncle with knife)
4. 3/16/2005, NYPD Complaint # 2005-073-02387 (Johnson filed public lewdness complaint report)
5. 7/9/2007, Domestic Incident #2007-100-000772, NYPD Complaint #2007-100-001816 (Johnson filed complaint report against uncle for threatening her)

Defendants have categorically refused to disclose any documents under this request.

Plaintiff has no evidence to indicate that the files pertaining to any of these incidents are sealed. Defendants agreed in an August 17 phone call to find out and let Plaintiff know if records pertaining to any of these cases are sealed, but have not done so to date.
**Defendants object to the disclosures of any documents or information regarding these incidents, for the reasons stated in their July 9, 2018 discovery responses.  Defendants believe this is a dispute that is ripe to bring to the Court's attention at this time.**

Document Request #6, 7
Defendants have indicated that they do not currently possess any documents responsive to these requests that were not already produced to Plaintiff in the previous Court of Claims action. Defendants have agreed to supplement their response and timely produce documents should they come into possession of responsive documents at a later time.
**Defendants agree with this statement.**

Document Request #8
Defendants have agreed to produce by October 19 (or before each witness' deposition, whichever comes first):
-All personnel records of the individual defendants, with a privilege log for documents redacted or withheld
-IAB and CCRB resumes for the individual defendants concerning: substantiated allegations of similar acts from 2000-2015, and substantiated allegations concerning veracity for 2000-present.
**This is an accurate summary of defendants' position, however, defendants note that all disciplinary documents (including resumes and indices) and personnel files will only be produced after a Confidentiality Stipulation has been executed by the parties and endorsed by the Court.**

As to defendant Tina Grillo, Plaintiff understands Defendants to have agreed to produce her complete personnel file for her full period of employment with the QDAO, including those categories of records listed in Document Request #9.
  **Defendants agree to produce the personnel file of ADA Tina Grillo with appropriate redactions and a privilege log.**

As to the police defendants, Plaintiff seeks disclosure of not only materials from IAB and CCRB, but also records concerning allegations reflected in the Central Personnel Index, precinct command records, and formal disciplinary charges filed at 1 Police Plaza.
**Defendants will also agree to produce the CPI subject to the above conditions.**

  For allegations of similar acts:
  -Plaintiff will agree to limit his request to the time period of 2000-present.
    **Defendants will agree to produce documents for 2000-2015.  It is defendants' position that disciplinary records subsequent to plaintiff's release from custody are not relevant.**
  -For substantiated allegations, Plaintiffs seeks disclosure of the full underlying investigative files
    **Defendants object to an automatic request of all underlying investigative files without regard for proportionality or relevancy.**
    **The parties discussed reviewing resumes and/or closing reports first, but did not come to an agreement on this issue.**
  -For unsubstantiated allegations, Plaintiff seeks production of the closing report or any other document that contains a detailed description of what the allegation was, and the findings.

>    **Defendants object to producing unsubstantiated allegations, and object to producing closing reports regarding same.**

> For allegations concerning honesty:
> - Plaintiff will agree to limit his request to the time period of 2000-present.
>    **Defendants will agree to produce documents for 2000-2015.**
> -For substantiated allegations, Plaintiff seeks the full underlying files for the officer's entire period of employment.
>    **Defendants object to an automatic request of all underlying investigative files without regard for proportionality or relevancy.**
>    **The parties discussed reviewing resumes and/or closing reports first, but did not come to an agreement on this issue.**
> -For unsubstantiated allegations, Plaintiff seeks production of the closing report or any other document that contains a detailed description of what the allegation was, and the findings.
>    **Defendants object to producing unsubstantiated allegations, and object to producing closing reports regarding same.**

Plaintiff reserves the right to request the underlying investigative files for unsubstantiated allegations of similar acts or dishonesty after reviewing the closing reports.

Document Request #9
Defendants have already agreed to produce, by October 19, the personnel records for the cases listed in their responses. Plaintiff has agreed to withdraw his request for *People v. Mitchell* (#101).

For the purposes of negotiation, Plaintiff proposed a narrowed list of cases in Plaintiff's letter to Defendants dated August 24. Should the parties not reach an agreement on the cases to be produced by September 10, Plaintiff will move to compel disclosure, and will not be bound by his prior proposed concessions.
**For the reasons stated in defendants' July 8, 2018 discovery responses, defendants object to the production of files prior than 1999 (10 years before plaintiff's arrest) which deal with cases #1-81.**

**Defendants will agree to produce <u>subsequent</u> cases, narrowly tailored to plaintiff's claims as listed below.  Defendants maintain that these 20 years of files, plus the files already in plaintiff's possession from the <u>Su</u> matter is more than sufficient for plaintiff's case, and anything additional is not proportionate to the needs of case.**

**In addition to the previously listed cases, defendants also agree to personnel files for ADAs in the following cases:**
>    **#108 – People v. Spann – ADA Brian Kohm**
>    **#112 – People v. Joyner – ADA Stephen Dixon-Gordon**
>    **#115 – People v. Cantoni – ADA Bradley Chain**
>    **#116 – People v. Redd – ADA Eugene Reibstein**
>    **#117 – People v. Brisco – ADA Rosemary Chao**

**Plaintiff is already/will be in possession of the files for the following cases:**
>    **#109 – People v. Anderson – ADA Harry Nussdorf**
>    **#113 – People v. Singh – ADA Frank DeGeatano (defendants agreed to produce his file in connection with case #86)**
>    **#118 – People v. Davis – ADA Rosemary Chao (see #117 above)**

**Defendants are <u>objecting</u> to production on the following cases:**
>    **#110 – People v. Robinson**
>    **#111 – People v. Bedi**
>    **#114 – People v. Negron**

Document Request #10
Plaintiff has agreed to forgo this request for now.
**Defendants agree this is an accurate statement of previous conversations.**

Document Request #11
Plaintiff has agreed to withdraw his request for subsection (d), and to forgo for now his requests for (f) and (g). Plaintiff has agreed to limit the time range for the documents to 2004-2010.
**Defendants agree this is an accurate statement of previous conversations.**

Per your e-mail dated August 17, Defendants are searching for responsive information and will update their response to the specific categories of documents sought by September 16.

Plaintiff seeks disclosure of responsive materials by October 19.
**Defendants agree with these statements.**
**Plaintiff has provided necessary clarification to this request and defendants are working on updating their position regarding this response.  It is defendants' position that this issue is not yet ripe to bring to the Court.**

Document Request #12, 13
Plaintiff requests that Defendants disclose, by October 19, any and all QDAO records showing that a QDAO prosecutor was investigated, corrected, and/or disciplined for misconduct, as to which Defendants may offer evidence with respect to any motion or proceeding, including but not limited to any motion for summary judgment or at trial.

The intent of this request is to obtain production of documents that have not otherwise been produced in response to any other document request or Defendants' obligation under Rule 26(a).
**As discussed in our conversation yesterday, there is nothing to currently compel or disclose.  Plaintiff has made an assumption about the types of documents defendants may use to defend this case and are calling for production of those documents.  Defendants agree that they will comply with their obligations under FRCP and will timely produce any documents they may rely on in defending this matter.  It is defendants' position that this issue is not ripe to bring to the Court, as defendants have not objected to producing these documents, but have merely informed plaintiff that there is nothing yet to be produced.**

---

**From:** Ryan, Erin (LAW)
**Sent:** Friday, August 17, 2018 12:26 PM
**To:** htae@rudinlaw.com; jbrudin@rudinlaw.com
**Subject:** Benitez - Follow Up to 8/15/18 Call

Hi Joel and Haran,

Just following up to our discussion about defendants' responses to plaintiff's discovery requests.  Below are some of the issues that were discussed and I said I would follow up with you about.

Document Request #2
Defendants will produce documents they intend to rely on to support their defense as required under the Federal Rules of Civil Procedure.

Document Request #4
Defendants will produce files from the NYPD and QDAO, subject to appropriate redactions, within 45 days of a discovery schedule being set in this case.

Document Request #5
As discussed, defendants object to the production of these documents.

Document Request #8
Defendants will agree to produce the personnel records of the individually named defendants, subject to appropriate redactions of any personal or privileged information.
Defendants will also agree to produce IAB and CCRB resumes for the individually named defendants with the following limitations:  for similar acts as alleged in the complaint, defendants will produce substantiated entries only for 2000-2015; and for veracity allegations, substantiated entries only for 2000-present.

Document Request #9
Defendants have already agreed to produce the personnel records for the cases listed in their responses.
As discussed, plaintiff has agreed to withdraw his request for People v. Mitchell (#101).
Plaintiff has agreed to provide a smaller list of cases from 1990-present.  Defendants will review the revised list and consider expanding the time range for which they are willing to provide records.
Discussions regarding this request are ongoing and therefore it is defendants' position that it is not ripe to bring to the court at this time, as the parties are still attempting to reach a compromise.  Once an agreement has been made, the parties can discuss a timeline of when defendants will produce the agreed upon records.
Plaintiff will provide case law to support their position that subsequent cases may be relevant in this action.
As to the personnel files defendants have already agreed to produce, defendants will produce those files, subject to appropriate redactions, within 45 days of a discovery scheduling being set in this case.

Document Request #11
Plaintiff has agreed to withdraw his request for subsections (d), (f) and (g).  Plaintiff also agreed to limit the range of documents to 2004-2010 (rather than 2015 as in the original request).  Plaintiff was able to provide additional clarification about the documents sought.
Defendants are searching for responsive information and will update their response to the specific categories of documents sought within 30 days.

Document Requests #12 and 13
As in Document Response #2, defendants will produce documents related to their defense as required under the Federal Rules of Civil Procedure.

As to Document Requests # 1, 3, 6, 7, 10, and 14 – plaintiff had no issue with defendants' response.

Please let me know if there is anything else you feel we need to discuss before submitting the status report today, and please send me a copy to review before it is filed.

Thanks,

Erin Ryan
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
212-356-5056
eryan@law.nyc.gov

5