# EXHIBIT E

39. *People v. Wilkens*, 177 A.D.2d 678 (2d Dep't 1991): Reversing convictions where, despite court order that defendant's use of aliases could be used only for identification purposes, prosecutor cross-examined defendant on the same topic for impeachment purposes and then argued on summation that defendant was not to be believed because he "hides behind three names."

43. *People v. Figueroa*, 181 A.D.2d 690 (2d Dep't 1992): Ordering new trial where prosecutor's summation "went well beyond the bounds of fair advocacy" by calling defendant's alibi witness untruthful, by suggesting that defendant was selling drugs on the night of his arrest for a crime he was alleged to have committed on another day, and by suggesting that defendant's alibi was concocted after the witness met with defense counsel.

    *(Incomplete disclosure by City in* Su v. City of New York*; missing ADA Jerry Montag's records)*

45. *People v. James*, 184 A.D.2d 582 (2d Dep't 1992): Reversing conviction where prosecutor represented that People would not introduce unfairly prejudicial evidence of defendant's prior possession of drugs but then cross-examined police officer extensively on that very evidence and emphasized it in summation.

61. *People v. Giersz*, 212 A.D.2d 805 (2d Dep't 1995): Reversing conviction where prosecutor's summation "exceeded the broad bounds of rhetorical comment permissible in closing arguments."

62. *People v. Spinelli*, 214 A.D.2d 135 (2d Dep't 1995): Reversing conviction where prosecutor failed to cross-examine defendant on his postarrest silence then attacked the defendant's credibility on that ground during summation, thus unfairly depriving defendant of chance to explain the silence.

67. *People v. Shim*, 218 A.D.2d 757 (2d Dep't 1995): New trial ordered because prosecutor failed to disclose police officer's notes.

68. *People v. Ferrara*, 220 A.D.2d 612 (2d Dep't 1995): Affirming conviction but noting that prosecutor "committed several instances of misconduct during the course of his summation" by commenting, without proper foundation, on a defense witness's failure to provide the police with information; suggesting that defense counsel's objections had deprived jury of hearing certain testimony; and telling the jury that it should take only 10 to 15 minutes to decide the case.

69. *People v. Torres*, 223 A.D.2d 741 (2d Dep't 1996): Reversing conviction where prosecutor made personal attacks on defense counsel and argued that there was no

evidence that defendant was somewhere other than the scene of the robbery, which improperly shifted the burden of proof to the accused.

*(Incomplete disclosure by City in* Su v. City of New York*; missing ADA Mark Temkin's records)*

70. *People v. Brown*, 224 A.D.2d 539 (2d Dep't 1996): New trial ordered where prosecutor failed to disclose firearms report that contained substantially different information than that given by People's witness at trial, which prejudiced defense by depriving it of the opportunity "to cross-examine the [witness] and test his credibility."

76. *People v. Brown*, 241 A.D.2d 460, 663 N.Y.S.2d 975 (2d Dep't 1997): Ordering new trial where People agreed that prosecution's failure to disclose prior statements of arresting officer was prejudicial and mandated reversal.

77. *People v. Lippolis*, 246 A.D.2d 557 (2d Dep't 1998): Ordering new trial where prosecutor in his opening statement, among other things, called the defendant a "parasite" and told the jury that "citizens like [them]selves indicted this defendant"; during direct examination of the arresting officer, elicited that defendant had remained silent after his arrest; and during summation, again improperly referred to defendant's postarrest silence.

82. *People v. Rivera*, 259 A.D.2d 570 (2d Dep't 1999): Affirming conviction but "deplor[ing] the continuous failure of the Assistant District Attorney to follow the admonitions of the trial court regarding his improper summation comments."

84. *People v. Robinson*, 260 A.D.2d 508 (2d Dep't 1999): Ordering new trial based on prosecutor's summation misconduct where prosecutor improperly vouched for complainant's truthfulness, appealed to the jury's sympathies and fears by describing the elderly complainant as a person who would be a "classic victim anywhere in this city," accused the defense of manufacturing evidence and putting on perjurious witnesses who were "more full of crap than a Christmas turkey," said he was "ticked off" that members of defendant's family were in the courtroom when a defense witness testified, and ended by telling jury that "[t]he only way this defendant walks out of the courtroom is if you let him."

87. *Farakesh v. Artuz*, No 99-CV-3945 (JG), 2000 WL 1480896 (E.D.N.Y. Oct. 3, 2000): Granting habeas petition because prosecutor impermissibly elicited extensive testimony from detectives about defendant's postarrest silence, and repeatedly used this testimony in summation as evidence of defendant's guilty state of mind, and to impeach defendant.

89. *People v. Leavy*, 290 A.D.2d 516 (2d Dep't 2002): Prosecutor withheld *Brady*

2

material such as promises of leniency given to cooperating witness, but court upheld conviction because defense had meaningful opportunity to cross-examine witness about it.

92. *People v. Lauderdale*, 295 A.D.2d 539 (2d Dep't 2002): Ordering new trial based in part on prosecutor's 31 references to defendant's highly prejudicial nickname, "Homicide."

95. *People v. Jones*, 305 A.D.2d 698 (2d Dep't 2003): Reversing robbery conviction where the prosecutor deliberately elicited police testimony in a manner that created the unfair impression that the codefendant had implicated the defendant to police, and where the trial court erroneously precluded the defense from cross-examining the complainant, who was the sole eyewitness, regarding the length of time it took him to identify the defendant at a lineup.

96. *People v. Jamal*, 307 A.D.2d 267 (2d Dep't 2003): Ordering new trial where prosecutor inappropriately told jury in summation that certain evidence was kept from them for "legal reasons"; argued that indictment was evidence of defendant's guilt; repeatedly gave his personal opinion as to the truth of prosecution witnesses' testimony and as to defendant's guilt; and shifted the burden of proof by referring to the People's evidence as "undisputed" and "[u]ncontroverted," while stating that defendant had "no explanation" and "no rational defense" and asking rhetorically, "[w]hat is the defense, ladies and gentlemen?"

99. *People v. Thomas*, 8 A.D.3d 303 (2d Dep't 2004): Conviction set aside by trial judge after verdict based on *Brady* violations, but verdict re-instated by Appellate Division because issue was not preserved.

100. *Turner v. Schriver*, 327 F.Supp.2d 174 (E.D.N.Y. 2004): Granting federal habeas corpus relief in a robbery case where the prosecutor failed to investigate and disclose the criminal record of the People's only witness to the crime, elicited false testimony from the witness that he had no record, and gave false summation on the witness' absence of a criminal record to bolster the witness' credibility.

102. *People v. Brown*, 30 A.D.3d 609 (2d Dep't 2006): Reversing conviction based on jury-instruction error, but citing as independent ground for reversal misconduct by the prosecutor during cross-examination and summation, including "presenting himself as an unsworn witness at trial, suggesting that the defense counsel did not believe his own client, making public safety arguments, and implying that certain key evidence had been kept from the jury due to legal technicalities."

103. *People v. Knight*, 18 Misc.3d 1129(A) (Sup. Ct. Queens Cty. 2007): Setting aside verdict after defense discovered that prosecutor failed to disclose significant *Brady*

material concerning one of the homicide victims and related to defendant's legitimate self-defense claim.

105. *People v. Frantz*, 57 A.D.3d 692 (2d Dep't 2008): Ordering 440 hearing in murder conviction where prosecutor failed to disclose prior inconsistent statements of cooperating witness, who was the only witness to testify that the defendant committed the crime, concerning such witness's alleged observations of the defendant.

107. *People v. Bellamy*, 26 Misc. 3d 1210(A) (Sup. Ct. Queens Cty. 2010): Setting aside murder conviction based on prosecution's failure to disclose, among other things, benefits given to a key prosecution witness. The prosecutor also gave a misleading and prejudicial summation. Subsequent civil rights litigation revealed that the prosecution participated in manufacturing false identification testimony.

111. *People v. Bedi*, Ind. No. 4107/96 (Sup. Ct. Queens Cty. March 13, 2013) (Griffin, A.J.S.C.): Setting aside murder conviction where prosecutor violated *Brady* by failing to disclose payments made to a key witness, and by failing to correct witness's false testimony that he did not receive such benefits.

114. *People v. Negron,* 26 N.Y.3d 262 (2015): Setting aside attempted murder conviction where prosecutor failed to disclose evidence that was "plainly favorable" to the defense. Prior litigation in the case revealed that after the complainant failed to identify Negron in a lineup, the prosecutor took the complainant into a private room with members of the NYPD, which led the complainant to falsely identify Negron as the perpetrator.