UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICARDO BENITEZ,

                              Plaintiff,

      -against-                                    **ORDER**
                                                  17-CV-3827-SJ-SJB

RAUL LOPEZ,
FRANK LIBRETTO,
SERGEANT STAMM,
TINA GRILLO,
CITY OF NEW YORK,

                              Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Defendants have filed a motion to compel seeking two separate items—(1) an order directing Plaintiff to sit for more than 7 hours of deposition testimony; and (2) documents concerning litigation financing that Plaintiff received for this lawsuit and his prior Court of Claims action. Both aspects of the motion are denied.

      With respect to the motion to obtain additional deposition time, the motion is denied because it is premature. Without the deposition proceeding first, the Court has no basis on the present record to conclude there exists good cause to permit more than 7 hours of questioning. *See* Fed. R. Civ. P. 30(d)(1); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008) ("[F]actors relevant to the determination of good cause would ordinarily include whether the time previously afforded for the deposition was used efficiently and whether there are additional relevant areas of inquiry. Since it does not appear that defendants can make the appropriate showing with respect to either, their application to continue van

Schoonbeek's deposition is denied."). A renewed request may be made following the completion of the deposition of Plaintiff.

As to the litigation funding documents, Defendants fail to establish that such discovery is "relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). Defendants contend that they should be able to inquire about any financing "and the motives behind it," because it "goes directly to plaintiff's credibility and is grounds for impeachment at trial." (Mot. to Compel dated Mar. 1, 2019, Dkt. No. 67 ("Mot.") at 2). These claims are without merit. Defendants do not explain how any litigation funding impacts Plaintiff's credibility or how it could be used to impeach his trial testimony.

In this case, the financial backing of a litigation funder is as irrelevant to credibility as the Plaintiff's personal financial wealth, credit history, or indebtedness. That a person has received litigation funding does not assist the factfinder in determining whether or not the witness is telling the truth. Furthermore, "[w]hether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from the union is not relevant to any claim or defense at issue." *Yousefi v. Delta Elec. Motors, Inc.*, No. 13-CV-1632, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015); *cf. Brown v. Walter*, 62 F.2d 798, 800 (2d Cir. 1933) ("While it is quite true that there are jurisdictions which allow the inquiry, we cannot agree. There can be no rational excuse, except the flimsy one that a man is more likely to be careless if insured. That is at most the merest guess, much more than outweighed by the probability that the real issues will be obscured."). No amount of this evidence would be probative of Plaintiff's credibility or the merits of his claims in this civil rights lawsuit.

To the extent that Defendants demonstrate Plaintiff may have been untruthful in communications with a litigation funder—and there is no proffer of the same—that could potentially impugn his credibility. But at this point in the case, there has been no such demonstration, and any such contention is just speculation, which does not justify discovery. *E.g., VHT, Inc. v. Zillow Grp., Inc*, No. 15-CV-1096, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016) ("Although Zillow poses several imaginable hypotheticals in which VHT's litigation funding scenario becomes relevant, the dearth of evidence on the record supporting Zillow's position renders that information negligibly relevant, minimally important in resolving the issues, and unduly burdensome."). Similarly, if the litigation funder were a party to the case, then its financial interest in the case could shade its credibility when the funder attempted to testify. *Cf. Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350, 2015 WL 5730101, at *2 (S.D.N.Y. Sept. 10, 2015) ("Courts have found that indemnification agreements *between co-defendants,* including agreements regarding the payment of defense fees and costs, are relevant to credibility issues and a proper subject of discovery.") (emphasis added). But it is not a party to this case.

Aside from credibility, Defendants also argue that litigation funding documents are required to discern the motives for Plaintiff's suit and for the litigation funding. That again is not relevant to a claim or defense in the case or credibility. *See Mackenzie Architects, P.C. v. VLG Real Estates Developers, LLC*, No. 15-CV-1105, 2017 WL 4898743, at *3 (N.D.N.Y. Mar. 3, 2017) ("The Court will not allow this . . . case to now travel down an unfruitful path in pursuit of 'litigation motivation.' Accordingly, Defendants' discovery request for retainer agreements and litigation funding is denied.") (emphasis omitted). Defendants' argument that they are entitled to understand the

3

litigation funder's "ability to intervene" and "dictate the legal strategies or settlement decisions" is just a series of conclusory and irrelevant assertions. (*See* Mot. at 2). A defendant is not entitled to learn any of these things in any case, absent some special need or showing. One party to litigation is not entitled—absent some contractual or other relationship like an indemnification agreement—to know why the adverse party chooses to make certain strategic decisions in a case or avoid settlement.[1] Many such considerations are privileged; and if they are not, they are irrelevant and outside the scope of what a party needs to defend or prosecute its case. If a court were to accept Defendants' premise, all defendants would be permitted to conduct discovery of all individuals who have spoken to the plaintiff to ask them if they counseled plaintiff to reject a settlement offer or if plaintiff ever expressed doubts or uncertainties in his case. Those matters certainly involve the case; they are, after all, discussions about the matter at hand. That, however, does not make them discoverable. "[T]he discovery rules . . . were never intended to be an excursion ticket to an unlimited exploration of every conceivable matter that captures an attorney's interest." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721 (N.D. Ill. 2014). No reasonable understanding of Rule 26 would permit discovery of the minimally probative information Defendants seek.

Defendants' only authority for seeking the documents—including all communications—between Plaintiff and his litigation funder is a single handwritten entry from *Creighton v. City of New York*. (*See* No. 12-CV-7454 ("*Creighton*"), Order dated Jan. 23, 2017 (S.D.N.Y), Dkt. No. 246 ("*Creighton* Order")). "[T]he fact that a particular case found a funding agreement relevant and discoverable is the beginning

---

[1] The considerations cited by Defendants could be relevant to determining the adequacy of proposed counsel in a class action. This, of course, is not a class action.

4

and not the end of analysis. Since what might make a species of documents relevant in one case does not necessarily make it relevant in all others, it is 'inappropriate for courts to be guided by past judicial evaluations of the relevance of seemingly similar evidence.'" *Miller UK Ltd.*, 17 F. Supp. 3d at 722 (quoting 1A Wigmore on Evidence, § 37.3 at 1040 (Tillers Rev. 1983)). Defendants ignore the relevant context of *Creighton* and mischaracterize its import. To be sure, the Court there ruled that the plaintiff had to turn over documents related to litigation funding because they "potentially bear on his credibility." (*Creighton* Order). But there was a reason for that. The plaintiff had allegedly taken monies from the litigation financing company to pay Fawaz Tareb, a *witness* in the civil case, and those payments were the subject of a separate criminal proceeding. (*See Creighton*, Letter dated Jan. 12, 2017, Dkt. No. 237, at 2). There is no similarity to the present case—there is no allegation, let alone evidence, that monies from litigation funders were funneled to witnesses as payoffs or that there was some impropriety in the litigation financing. To seek those documents in the hope that similar evidence would materialize in this case is not permissible; such discovery was permitted in *Creighton* because the parallel criminal case had revealed the relevance and the misuse of the litigation financing. And *Creighton* does not stand for anything like what Defendants believe—a view that litigation financing documents are generally probative of a plaintiff's credibility.[2] No case cited by Defendants stands for such a proposition. Nor has this Court been able to find such a ruling.

---

[2] Defendants contend that Plaintiff's resistance to the discovery is "absurd" because they are entitled to know what representations Plaintiff made to litigation financers about the case. Plaintiff has already stated that he made no such representation. (Resp. to Mot. dated Mar. 3, 2019, Dkt. No. 69 ("Pl.'s Resp.") at 1 ("Plaintiff has personally made no factual statements or representations to the litigation funding company about his case, just expressions of assent to the terms of the financial

5

The motion to compel is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara* March 14, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

agreement.")).  Defendants intend to depose Plaintiff; they can inquire if that statement is in fact correct.  Any other discovery into this issue, for the reasons stated, is beyond the scope of Rule 26(b)(1) and is not permitted.  *See Sedona Corp. v. Open Sols., Inc.*, 249 F.R.D. 19, 25 (D. Conn. 2008) ("The defendant argues that the requested information is relevant insofar as the plaintiff may have made representations regarding the allegations and the claims and defenses involved in the litigation during its discussions relating to the financing thereof.  The defendant, however, offers no factual basis for speculating that such representations were made.  Further, the plaintiff's chairman submitted in an affidavit that he did not receive any information with regard to the specifics of the litigation through the financing discussions, primarily because he was familiar with the litigation as chairman.  The defendant has therefore failed to establish the relevancy of information regarding the plaintiff's litigation costs or financing.") (citations omitted).